The appellees, by their next friend, filed their bill in Chancery, in the County Court of Prince George, against Benjamin, George, Robert, Samuel, Ann, Mary and Agnes Cocke, as co-heirs of Pleasant Cocke, deceased, and against Edward Bland as administrator with the will annexed of Edward Bland, deceased, and Edward Wyatt; setting forth, that the said Pleasant Cocke, after his qualification, in the year 1780, as guardian to the appellees and their sister Mary, orphans of Hubbard Wyatt, deceased, took into his possession the landed estate of the appellee, John, several slaves, and some other personal estate of both the ap-pellees and their sister Mary. That, in 1781, the sister Mary died under age, intestate, and without having been married; whereby her slaves descended to the ap-pellee, John, as her heir at law, and her mere personal estate became subject to distribution between the surviving brother and sister, which however they have never re *242 ceived. That Pleasant Cocke, as their guardian, for thirteen years and upwards, possessed and managed their said estates, which were productive and profitable, and received considerable sums from the hire of the slaves and rent of the land. That in the year 179- the said Pleasant departed this life -intestate, without having rendered an account of his guardianship. That his widow Mary obtained administration on his estate; and soon after her qualification, the Court of Prince George appointed commissioners to state and settle the accounts of Pleasant Cocke’s guardianship. That the commissioners proceeded to examine the books, accounts, and papers of the said Pleasant, relative to the said guardianship; which were laid before them by the said Marj', or with her concurrence, and returned their report thereon, which was approved and recorded; by which it appears that there was due to the appellee, John, 6311. 3s. 7 3-4d. which was payable December S, 1794, 4,0001bs. tobacco payable January 1st, 1782, with interest until paid, and the further sum of 291. 3s. 10 3-4d. payable December 5, 1794, and l,5651bs. of tobacco, payable January 1st, 1782, which last mentioned money and tobacco accrued from the hire of the slaves which John inherited from his sister Mary: and that there appeared *to be due to the appellee, Agnes, 4121. 8s. 7 l-4d. payable December S, 1794, and 2,4551bs. of tobacco, payable January 1st, 1782, with interest thereon till paid. That the appellees have never received payment of these sums of money and quantities of tobacco. That they instituted a suit in Chancery against Mary Cocke, the admin-istratrix, touching the premises which abated by her death. That no person has qualified on Pleasant Cocke’s estate since her death; whereby the appellees found themselves compelled to resort to his heirs aforesaid — -to the appellant as administrator with the will annexed of Edward Bland, deceased, and to Edward Wyatt; which Edward Bland, deceased, and Edward .Wyatt, were securities for Pleasant Cocke’s guardianship. The bill then prays that the defendants may discover the quantity and quality of the personal estate subject to distribution, which came to Pleasant Cocke’s hands; that they may state an account of the rents and profits of the lands, and hire of the slaves; that they may say that the account returned by the commissioners contain all the credits to which the appellees are entitled in law or equity; that the Court may decree the sums of money and quantities of tobacco above mentioned, with interest thereon, to be paid by the defendants or some of them —and for general relief.
An amended bill suggests, that since the institution of the suit, Pleasant Cocke’s unadministered estate had been committed to Billy Hailey Avery, sheriff of Prince George County, and prays that he may be made a party defendant.
The answer of Benjamin Cocke, one of the co-heirs, admits that his ancestor undertook the guardianship of the appellees and their sister Mary, now deceased, and possessed himself of the slaves bequeathed to them by their father Hubbard Wyatt. That his guardianship accounts were laid before commissioners, but that injustice was done his estate by their report, as they undertook to fix a stipulated price to several negroes, which was erroneous and unreasonable; and did not allow the guardian any compensation for his management — prays that new commissioners be appointed and the accounts re-examined; that even if the money reported be decreed, interest may not be allowed upon it from the time when it was returned, as that would be interest upon interest. That he knows nothing of the accounts prayed for, though he has possession of the books, papers, and accounts of his ancestor which were in the hands of his administratrix; that' he is ready to deliver them to whomsoever the Court may decree *to be entitled to them. That he knows not the quantity or quality of Mary Wyatt’s estate, not having in his possession any personal property belonging to the appellees ■ or the said Mary, or to his ancestor — nor can he account for the rents and profits of the lands of the ap-pellee, John, being unacquainted therewith.
The answer of the appellant sets forth, that he is unacquainted with the rents and profits arising from the estate in the bill mentioned, but that Pleasant Cocke died seised of land sufficient nearly, if not entirely, to pay off the demands of the appel-lees, which 'ought to be liable to the payment thereof before his testator’s assets; and objects to a decree for the amount reported by the commissioners, with interest thereon from the time of their adjustment, as by that means they would obtain interest upon interest.
The answer of Billy Hailey Avery, the sheriff, states that he has been unable to collect or possess any property of Pleasant Cocke, or any of his papers.
No process was ever served on Robert, Samuel, Ann, Mary and Agnes Cocke, or on Edward Wyatt.
Before any answers were filed a decree nisi was entered against the other defendants; but it does not appear to have been served on the defendant George Cocke.
The cause (which is stated in the record to have been heard on depositions and exhibits filed, though none such form any part of it), was heard before the County Court, which decreed that the appellee, as administrator of Edward Bland, deceased, should pay to the complainant the sums and quantities of tobacco reported by the commissioners before mentioned, as due to the appellees from Pleasant Cocke, the tobacco to be settled at 20s. per cwt. with interest, according to the prayer of the bill. The Court then, in the same decree, dismissed the bill as against Benjamin Cocke and Billy Hailey Avery; and ‘ ‘it further appearing from the return of the sheriff, that the subpoena issued in this cause has not been executed on the other defendants except George Cocke; it is therefore ordered that the bill be dismissed as to them and George Cocke” — and that the appellant, as administrator, as aforesaid, should pay to the appellees their costs.
To this decree the appellant obtained a *243 supersedeas from the Judge of the High ■Court of Chancery, for the reasons in his petition set forth ; who afterwards, however, affirmed the decree of the County Court— from which decision an appeal was entered to this Court.
*G. K. Taylor, for the appellant, assigned the following as errors in the record and proceedings, as well as in the decree of the County Court and Superior Court of Chancery:
I. That the appellees had full redress at common law on the guardian’s bond, and ought not to have brought a suit in equity.
II. That, having brought such suit, however, in which they pray for a discovery as to the rents and profits of their estates, the Court ought to have decreed such account to be taken.
III. That the County Court ought to have given no decree on the report of commissioners, appointd at the instance of the ap-pellees, by their guardian, and who, so far at least as the appellant was concerned, proceeded ex parte.
IV. That the County Court ought not to have entered any decree in the cause until all the co-heirs of Pleasant Cocke, and Wvatt, the appellant’s co-security, were before them.
V. That the County Court ought not to have dismissed the suit against Pleasant Cocke’s heirs, whose lands were assets to be applied in equity as well as at law to the discharge of the appellant’s demands; and against whom a decree ought to have been rendered in the first instance to prevent circuity of action, since the securities, if sufferers, might have recourse against them on account of the same real assets descended to them.
VI. That the decree of the County Court is further erroneous, in not directing the appellant to pay the sums adjudged against him, out of his testator’s goods and chattels, and in giving full costs (including a lawyer’s fee) against him.
VII. That the Chancellor, in deciding on a record from the County Court, of which the exhibits therein particularly referred to, formed no part, committed an error.
Mr. Taylor observed that the record was replete with error; but it would be unnecessary to insist on all the points which he had made, since the want of parties and the manner in which the decree was entered would be sufficient to reverse it.
Only a part of the defendants appeared and answered. They contested the report of the commissioner, and offered to shew wherein it was erroneous, but the Court would not permit them.
‘-The Court ought not to have pronounced any decree till all the parties interested, as well those in being, as the representatives of the deceased, were brought before them. One of the great advantages of a Court of Chancery over that of Common haw, is, that the representatives of a deceased person may be united with a living one in the same suit, if it be necessary, in order to do complete justice. So far from waiting till all the proper parties were brought into Court, the decree was entered when the process was served ■upon a part of them only; and the suit was dismissed against the representatives of Pleasant Cocke, and a decree given against the representatives of his security.
The decree was rendered that Edward Bland, administrator with the will annexed of Edward Bland, should pay the debt: not out of the estate of his testator, but in the same manner as if it had been his own proper debt.
A decree has been pronounced upon an account, and that account made no part o± the record.
Call, for the appellees, submitted the case without argument.
Curia advisare vult.
Friday, November 13. JUDGE FLEMING, President pro tempore, delivered the following as the decree of the Court, “That the decree of the said Superior Court of Chancery is erroneous in this — -that there were not proper parties convented before that Court; and, if there had, in not directing an account between the parties of the matters claimed in the bill, before a commissioner or commissioners: Therefore, it is decreed and ordered that the decree of the said Superior Court of Chancery be reversed and annulled, and that the appellees pay to the appellant the costs by him expended in the prosecution of his appeal aforesaid here. And this Court proceeding to make such decree as the said Superior Court of Chancery ought to have made, is further of opinion, that the decree of the County Court is also erroneous in proceeding to a hearing of the said cause, before all the defendants had been properly proceeded against; in prematurely dismissing the bill as to some of the defendants; and in not directing such an account as above mentioned. Therefore, it is further decreed and ordered that the said decree and proceedings of the County *Court be likewise reversed and annulled down to the replication, and awarding of commissions to take depositions, as to the defendants who have answered; and down to the writs, as to the defendants who have not answered; and that the appellees pay to the appellant his costs by him expended in prosecuting his appeal in the said Superior Court of Chancery: and further it is ordered that the cause be put again on the rule docket of the County Court, or the Superior Court of Chancery for the Richmond District, as the Judge of the latter Court may direct, in order to be further proceeded in: for which purpose the said cause is remitted to the said Superior Court of Chancery.